HATCH *v.* ADAMS.[1]

*(Circuit Court, E. D. Pennsylvania.* October 20, 1884.,

PATENTS FOR INVENTIONS—RIGHTS ACQUIRED BY PURCHASE FROM TERRITORIAL ASSIGNEE.

A purchaser of patented articles from a territorial assignee of the patent does not acquire the right to sell the articles, in the course of trade, outside the territory granted to his vendor.

Final Hearing.

This was a bill filed by O. L. Hatch, the owner of a patent for improvement in spring bed-bottoms, and Elmer H. Grey & Co., to whom he had given an exclusive license in certain territory, against W. J. Adams, a dealer in bed-bottoms, who was selling such patented improvement within said territory. The case was argued upon the following facts, a statement of which was by agreement filed in lieu of an answer and proofs. William B. Hatch was the inventor of an improvement in spring bed-bottoms, the right to which was secured by reissued letters patent No. 9,576. By various assignments the title to said letters patent became vested in C. L. Stillman. On August 1, 1881, Stillman assigned to Mrs. Nellie C. Hedley his right, title, and interest in said invention for, to, and in the state of New York. On June 28, 1882, Stillman assigned to the complainant, O. L. Hatch, all his right, title, and interest in said letters patent. On September 5, 1883, Nellie C. Hedley granted to Francis A. Hall the exclusive license and right to make, use, and sell said improvement within the following designated places, viz.: to manufacture in the city of New York or Brooklyn, and sell in the state of New York and elsewhere. On April 1, 1884, O. L. Hatch granted to Elmer H. Grey & Co., complainants, the exclusive right to make, sell, and vend said improvement within the territory comprising the states of Penn·

[1] Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

sylvania, New Jersey, Delaware, Maryland, Virginia, West Virginia, North Carolina, South Carolina, Florida, Alabama, Mississippi, Louisiana, Georgia, Tennessee, and the District of Columbia. The respondent, William J. Adams, was a dealer in bed-bottoms in Philadelphia, and, in the course of his business, purchased from Francis A. Hall, in New York, bed-bottoms containing the patented improvement. These bed-bottoms Adams brought to Philadelphia and sold in the course of his business to dealers in the latter city. To restrain such sales the present bill was filed.

*Frank P. Prichard,* for complainant.

The act of July 8, 1870, (section 4898, Rev. St.,) gives to patentees the right to convey exclusive rights to the patent to the whole or any specified parts of the United States. This act is rendered nugatory and its intention frustrated if purchasers from a territorial assignee may sell outside the territory of the vendor, since it would prevent the patentee, after granting the right for one territory, from conferring *exclusive* rights for other territory. The circuit court decisions relied upon by respondent were all cases of *use,* not *sale in the market,* by the purchaser of the patented article, and when the question was presented to the supreme court of the United States in *Adams* v. *Burke,* 17 Wall. 453, that court held that the purchaser of a single article might *use* it outside the territory, because a distinction had been established between a use and a sale in a number of cases in which it had been held that the sale of a patented article, *for use in the ordinary affairs of life,* withdrew it from the monopoly of the patent, but the sale of a right to *sell the article* was the conveyance of a portion of the franchise. See *Bloomer* v. *McQuewan,* 14 How. 539; *Wilson* v. *Rousseau,* 4 How. 646; *Chaffee* v. *Belting Co.* 22 How. 217; *Bloomer* v. *Millinger,* 1 Wall. 340; *Mitchell* v. *Hawley,* 16 Wall. 544. The principle thus established is conclusive in favor of complainant. If the purchaser of an article for *use* may use it anywhere, because he buys, not a portion of the franchise, but a single article, which he thereby withdraws from the market and consequently from the monopoly, it follows that a purchaser *for sale in the trade* may not use it outside the prescribed territory, because he would be thereby attempting to use a portion of the franchise not granted to the assignee, and, instead of withdrawing the article from the monopoly, attempting to reap the benefit of the monopoly.

*Warren G. Griffith,* for respondents.

The assignment of the right, title, and interest of a patentee in a patent for a specified territory, gives to the assignee every right which the patentee could have himself exercised within the territory, including the right to sell to any person, and for any purpose, and to convey a good title to the article sold, which thereby becomes withdrawn from the monopoly, as if sold by the patentee. See *Bloomer* v. *McQuewan,* 14 How. 539; *Adams* v. *Burke,* 4 Fisher, 392; *McKay* v. *Wooster,* 2 Sawy. 373; *Paper Bag Cases,* 105 U. S. 771; Sim. Pat.

195; Walk. Pat. § 288. In *Bloomer* v. *McQuewan*, Chief Justice TANEY says:

"And when the machine passes to the hands of the purchaser, it is no longer within the limits of the monopoly. It passes outside of it, and is no longer under the protection of the act of congress. * * * The implement or machine becomes his private, individual property, not protected by the laws of the United States."

The opinions of the circuit courts in *Adams* v. *Burke* and *McKay* v. *Wooster* cover the case of a sale, as well as of a use, and should be followed by this court. It is true that in *Adams* v. *Burke* the supréme court recognized the fact that a distinction might exist between use and sale, and in affirming the judgment deemed it only necessary to say that the article could be used in another territory, but they expressed no disapproval of the opinion of Judge SHEPLEY on the question of sale. In *McKay* v. *Wooster* the bill prayed for an injunction to restrain the use *and sale* of the article. The question of the right to sell was elaborately discussed in the opinion of the circuit court, and the injunction was refused. This case was affirmed by the supreme court, without argument, 11 days after the decision in *Adams* v. *Burke*, and the fact that no opinion was filed, indicates that the opinion of the circuit court was approved. This case decides the question here at issue in favor of the respondent.

McKENNAN, J. This case involves a single question, to-wit: Has a purchaser of patented articles from a grantee of an exclusive right to manufacture and sell under the patent in a specified part of the United States, the right to sell the articles in the course of trade, outside the designated limits covered by the grant to his vendor? In the absence of authority to the contrary, we would feel constrained to answer this question in the negative. While the patent act secures to an inventor the exclusive right to manufacture, use, and sell his invention, it authorizes him to divide up his monopoly into territorial parcels, and so to grant to others an exclusive right under the patent to the whole or a specified part of the United States. Undoubtedly, the grantee would take and hold the right conveyed subject to the limitations of the grant, and hence he could not lawfully exercise it outside of the territorial limits to which he was restricted. It would be illogical, then, to assume that he could confer upon a vendee a privilege with which he was not invested, and which he could not exercise himself. It has been held, however, that an unrestricted sale of a patented article carries with it the right to its unlimited use. But the reason upon which this rule rests involves a plain distinction between the right to use and the right to manufacture and sell an invention, and is inapplicable to their definition. In *Adams* v. *Burke*, 17 Wall. 455, Mr. Justice MILLER thus explains the import and scope of the decisions on the subject:

"We have repeatedly held that where a person had purchased a patented machine of the patentee or his assignee, this purchase carried with it the right

to the use of that machine so long as it was capable of use, and that the expiration and renewal of the patent, whether in favor of the original patentee or his assignee, did not affect this right. The true ground on which these decisions rest is that the sale by a person who has the full right to make, sell, and use such a machine carries with it the right to the use of that machine to the full extent to which it can be used in point of time." "The right to manufacture, the right to sell, and the right to use are each substantive rights, and may be granted or conferred separately by the patentee." "But, in the essential nature of things, when the patentee, or the person having his rights, sells a machine or instrument whose sole value is in its use, he receives the consideration for its use, and he parts with the right to restrict that use. The article, in the language of the court, passes without the limit of the monopoly; that is to say, the patentee or his assignee having, in the act of sale, received all the royalty or consideration which he claims for the use of his invention in that particular machine or instrument, it is open to the use of the purchaser without further restriction on account of the monopoly of the patentee."

The only question in this case, as shown by the pleadings, involved the right of the purchaser of coffin-lids, bought within a radius of 10 miles from Boston, the right to make, sell, and use which was restricted to that circle, to use them outside of it. The court sustained the right, saying:

"That so far as the use of it was concerned the patentee had received his consideration, and it was no longer within the monopoly of the patent. It would be to ingraft a limitation upon the right of use not contemplated by the statute, nor within the reason of the contract, to say that it could only be used within the ten-miles circle. Whatever, therefore, may be the rule where patentees subdivide their patents, as to the exclusive right to *make* or *sell* within a limited territory, we hold that, in the class of machines or implements which we have described, when they are once lawfully made and sold, there is no restriction upon their *use* to be implied for the benefit of the patentee, or his assignees or licensees."

Even with this careful limitation of the judgment of the court' Justices BRADLEY, SWAYNE, and STRONG dissented, insisting that the locality of the use, as well as of the manufacture and sale, of the patented article was restricted by the grant, and that it ought, accordingly, to be enforced. It may be said, then, that while this case, with others which precede it, determines for peculiar reasons that the lawful sale of a patented article carries with it the right to the unrestricted use of such article as to time or locality, it is the fair import of them that no other "substantive right" conferred by the patent is thereby affected.

Our attention has been called to two cases decided by the circuit court which demand a brief notice. The first of these was *Adams v. Burke,* 4 Fisher, 392. It was decided by Judge SHEPLEY, and his statement of the law is certainly broad enough to cover the right to sell as well as the right to use a patented article outside of a restricted locality. But only the latter right was involved in the case. What was said then by the learned judge touching the right to sell was clearly *obiter,* and when the case reached the supreme court,

(*Adams* v. *Burke*, 17 Wall. *supra*,) that court expressly treated the right to manufacture and sell, and the right to use, a patented article as distinct substantive rights, and decided the law only as it related to the exercise of the latter right. The remaining case (*McKay* v. *Wooster*, 2 Sawy. 373) was ruled upon the opinion of Judge SHEPLEY in *Adams* v. *Burke*, evidently upon the hypothesis that an extraterritorial sale of a patented article was a necessary subject of discussion.

But, with this scrutiny of these cases, we are unembarrassed by the rule of comity which would lead us to conform our own judgment to that pronounced by the circuit court elsewhere for the sake of uniformity of decision; and, in view of the state of the law as it has been expounded by the supreme court, we feel authorized to express our own judgment that a sale of patented articles in the ordinary course of trade, outside the territorial limits to which the right to sell is restricted by the patentee's grant, is unwarranted. There must, therefore, be a decree in favor of the complainant, with costs.

